# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SOUTHAMPTON COMMUNITY HEALTHCARE, f/k/a SOUTHAMPTON HEALTHCARE, INC.; KELLY STORCK; A.S., as next friend and on behalf of her minor child R.S.; N.F., as next friend and on behalf of his minor child A.F.; and LOGAN CASEY; | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ANDREW BAILEY, in his official capacity as Attorney General for the State of Missouri, | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Please take note that Defendant Andrew Bailey, in his official capacity as Attorney General for the State of Missouri (the "Attorney General") hereby removes the above-captioned action from the Circuit Court of St. Louis County, Missouri, in which it is now pending, to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441 *et seq*. Pursuant to 28 U.S.C. § 1446, set forth below is a statement of the grounds for removal and attached hereto is a copy of all process and pleadings served to date in this case.

### I.     PROCEDURAL HISTORY

1.     On April 24, 2023, Plaintiffs Southampton Community Healthcare, f/k/a Southampton Healthcare Inc., Kelly Storck, A.S., as next friend and on behalf of her minor child R.S., N.F., as next friend and on behalf of his minor child A.F., and Logan Casey (collectively, "Plaintiffs") filed this action, captioned *Southampton Community Healthcare et al. v. Bailey*, case

1

no. 23SL-CC01673, in St. Louis County Circuit Court, Missouri (the "Action"). A true and correct copy of Plaintiffs' Petition is attached hereto as **Exhibit A**.

2. Also on April 24, 2023, Plaintiffs filed a Motion for Temporary Restraining Order and Memorandum in Support of Motion for Temporary Restraining Order. A true and correct copy of Plaintiffs' Motion for Temporary Restraining Order is attached as **Exhibit B**. A true and correct copy of Plaintiffs' Memorandum in Support of Motion for Temporary Restraining Order is attached as **Exhibit C**.

3. Plaintiffs filed other procedural motions on the docket on April 24, 2023, including to appoint a special process server and to Appoint Next Friend. True and correct copies of all other motions and court orders entered on the docket are attached as **Exhibit D**.

4. The Attorney General was provided notice of this lawsuit and provided a copy of the Petition, Motion for Temporary Restraining Order and Memorandum in Support of Motion for Temporary Restraining Order on April 24, 2023.

5. The Petition raises various arguments, including seeking to invalidate a regulation promulgated by Defendant as in violation of the United States Constitution.

6. The Attorney General has not yet answered or otherwise responded to the Petition.

## II. THE ATTORNEY GENERAL HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and the docket relative to this case are attached to this Notice of Removal. *See* **Ex. A** (Petition); **Ex. B** (Plaintiffs' Motion for Temporary Restraining Order); **Ex. C** (Plaintiffs' Memorandum in Support of Motion for Temporary Restraining Order); **Ex. D** (All other documents filed by Plaintiff in this case); **Exhibit E** (Docket); attached hereto.

8. As the Attorney General is the only defendant in this action, "all defendants who have been properly joined" consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

9. Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served on all known parties' counsel, as required by 28 U.S.C. § 1446(d).

10. A true and accurate copy of this Notice of Removal will also be promptly filed with the St. Louis County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

11. No previous application has been made for the relief requested herein.

12. Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because St. Louis County is located within the United States District Court for the Eastern District of Missouri, Eastern Division. 28 U.S.C. § 115(b)(1). Accordingly, the Eastern District of Missouri, Eastern Division, is the "District and Division within which such action is pending." 28 U.S.C. § 1441(a).

13. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed within thirty (30) days of the filing of this lawsuit.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1331.

14. 28 U.S.C. § 1331, commonly referred to as federal question jurisdiction, gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). For this Court to have jurisdiction under 28 U.S.C. § 1331, a plaintiff's complaint must establish "either that federal law creates the cause of action *or that plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law*." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (emphasis added). "[E]ven where a claim finds its

origins in state rather than federal law," federal jurisdiction over a state law claim "will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

15. The allegations in Plaintiffs' Petition make clear that Plaintiffs, in addition to raising state law claims, seek an injunction on the ground that the challenged regulation violates the U.S. Constitution. Plaintiffs' Petition asserts that the Attorney General's regulation is invalid because the regulation allegedly "frustrate[s] Plaintiffs' rights and traditional separation of power principles" under the U.S. Constitution. *See* **Ex. A** at ¶168. Plaintiffs have asked the state court to enjoin the Attorney General based in part on Plaintiffs' conclusions of the application of the United States Constitution and Plaintiffs' rights thereunder. As the allegations in Plaintiffs' complaint necessarily depend on the resolution of substantial questions of federal law raised by Plaintiffs related to Plaintiffs' federal constitutional rights and the Attorney General's regulation, which are capable of resolution in federal court without disrupting the federal-state balance approved by Congress, federal question jurisdiction exists in this case.

16. Plaintiffs' own statements in their TRO and TRO Memorandum confirm that Plaintiffs raise a claim under federal law. Plaintiffs' make it clear in their TRO that the underlying basis of their Petition is, in part, an attempt "to compel Defendant to comply with the laws of . . . the United States." **Ex. B** at ¶ 19. Plaintiffs make their position even more explicit in their TRO Memorandum, arguing that the Attorney General's regulation is "unconstitutionally vague, and for that reason, void and in violation of both the United States and Missouri Constitutions." **Ex. C** at 26.

4

17. Plaintiffs' allegations raise the claim—and seek to have the Attorney General's regulation set aside in part through such a claim—that the Attorney General's regulation "frustrates Plaintiffs' rights and traditional separation of power principles" under the U.S. Constitution. Plaintiffs' statements to the Circuit Court of St. Louis County make clear that Plaintiffs' Petition is raising claims that the regulation "violates" the United States Constitution or otherwise does not "comply with the laws of . . . the United States" as purportedly being "unconstitutionally vague." Removal of this case under federal question jurisdiction is proper. The Attorney General consents to removal before this Court.

## IV. CONCLUSION

18. Federal question jurisdiction exists in this case and this Notice of Removal is appropriate pursuant to 28 U.S.C. § 1441(b). Based on the foregoing, the Action may be removed to this Court.

19. No admissions of fact, law, or liability is intended by this Notice of Removal, and the Attorney General expressly reserves all defenses and motions otherwise available to him.

WHEREFORE, Defendant Andrew Bailey, in his official capacity as Attorney General for the State of Missouri, hereby removes the above-captioned action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated: April 25, 2023

Respectfully submitted,

**ANDREW T. BAILEY**
*Attorney General*

Joshua M. Divine
*Solicitor General*

*/s/ Joshua M. Divine*
Joshua M. Divine, 69875MO
Solicitor General
Maria A. Lanahan, 65956MO
Deputy Solicitor General
Kenneth C. Capps, 70908MO
Assistant Attorney General
Samuel C. Freedlund, 73707MO
Assistant Attorney General
Office of the Attorney General
207 West High St.
Jefferson City, MO 65101
Phone: (573) 751-8870
Fax (573) 751-1774
Josh.Divine@ago.mo.gov
Maria.Lanahan@ago.mo.gov
Kenneth.Capps@ago.mo.gov
Samuel.Freedlund@ago.mo.gov.