# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Southampton Community Healthcare, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Andrew Bailey, in his official capacity as )<br>    Missouri Attorney General, )<br>)<br>Defendant. ) | No. 4:23-cv-00538 |

## EMERGENCY MOTION TO REMAND TO STATE COURT AND FOR SETTING OF HEARING AS SOON AS PRACTICAL TODAY

In this case, Plaintiffs filed suit in Missouri state court against the Missouri Attorney General for promulgating, through a novel use of a decades-old Missouri consumer protection statute and in violation of Missouri law, an emergency state rule imposing new regulations on gender-affirming care. Plaintiffs assert three counts, all of which turn on allegations of *state,* not *federal*, law. ECF 1-1, at 28 (Count I - "Violation of §§ 536.014, 536.021, and 536.025, noncompliance with [state] rulemaking procedures, absence of authority, absence of emergency"); *id.* at 31 (Count II - "Violation of §§ 536.014 and 407.020, lack of statutory authority and conflict with state law"); *id.* at 34 (Count III - "Violation of § 536.014, arbitrary and capricious [under state administrative law]"). The emergency rule takes effect **tomorrow, April 27**, and a hearing was set on a temporary restraining order **this afternoon at 1:30 p.m.** in state court.

At the last moment (9:13 p.m. CT last night), the Attorney General removed this case, invoking federal-question jurisdiction. By its own terms, the short removal rests only on (1) passing and errant references to the "constitution" and "laws of the United States" in the Petition, divorced from any pled claim; and (2) language in the TRO papers—which have no analog on the face of the Petition (the document that actually governs removal under the well-pleaded *complaint*

rule). The Petition includes no allegation of any federal constitutional violation, cites repeatedly and exclusively to state statutes, and—where it mentions the constitution—invokes *state* constitutional concerns.

This Court has faced an analogous situation before, in which a party sought removal "to avoid having the Missouri state courts decide the novel issues of Missouri state law that permeate this case," where a plaintiff "[sought] shelter in federal court on the slender reed of one sentence in" a 41-page, multi-count petition. *State ex rel. Schmitt v. Page*, No. 4:21-CV-00948-SRC, 2021 WL 3286787, at *1 (E.D. Mo. Aug. 1, 2021). When the Attorney General was on the receiving end of a removal in that case, this Court "question[ed] whether that lone sentence [gave] it federal-question jurisdiction." *Id.* It did not, and this Court immediately remanded to allow the state court to issue necessary temporary injunctive relief. The same result governs here, and immediate remand is required. Alternatively, given the exigent circumstances and need for immediate relief from the emergency rule, which goes into effect at **12:00 A.M., tomorrow**, the Court should remand parts of this case (Counts II and III) to the St. Louis County Circuit Court to proceed with the scheduled temporary restraining order hearing at 1:30 p.m., and retain supplemental jurisdiction over Count I.

## LEGAL STANDARD

Federal-question jurisdiction allows a defendant to remove a state-court action to federal court only if the federal court could have exercised original jurisdiction based on the face of the state court complaint. 28 U.S.C. § 1441(a). The federal court must remand the case to state court if it appears at any time that the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). All doubts as to the propriety of exercising federal jurisdiction over a removed case

must be resolved in favor of remand to state court. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

When the removing party invokes federal-question jurisdiction, the propriety of removal is governed by the allegations within the removed petition, not other papers. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint. The rule makes the plaintiff the master of the claim."). Because plaintiffs control the allegations within their petition, they may avoid federal jurisdiction by relying exclusively on state law. *Id.*; *Central Iowa Power Coop. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

## ARGUMENT

The face of this Petition raises no federal question because all of the claims expressly arise under state law, the references to constitutional violations refer to the *state* constitution, and there is no developed argument grounded in the Petition that raises any federal question. Not only is the "federal question" in this case not *substantial* (the standard for removal on the basis of federal question jurisdiction)—it is *nonexistent*. As this Court has already concluded (and as the Attorney General knows, since he's been in Plaintiffs' position), "a passing reference to the federal constitution in a state-court petition that only seeks relief under state law" does not a federal question make. *Schmitt*, 2021 WL 3286787, at *2-3, 5. *Schmitt* serves as a guide (although this case is even easier than that one). Immediate remand is requested here given the need to resolve an emergency TRO **today**.

In *Schmitt*, removal occurred "days after" the Attorney General filed suit and "hours before a scheduled temporary-restraining-order hearing in state court," which led this Court to grant immediate (and practical) relief that kept things on schedule and avoided "federal courts decid[ing] numerous novel issues of state law." *Id.* at *1. But in that case, due to exigent circumstances alleged by the Attorney General in that case, upon removal, the Court, *sua sponte*, remanded "the entirety of" exclusively state-law counts back to state court, retaining jurisdiction over the sole count that arguably raised a federal question. *Id.* at *5. "Rather than delaying a hearing on the TRO Motion," this allowed the Attorney General's "pending TRO Motion," which indisputably raised "purely issues of state law and relate[d] only to the state-law claims in the" operative complaint, to be left "for the state court to decide" at its scheduled hearing. *Id.* at *2. There is a similar problem of timing here, and a similar need for immediate relief on a pending TRO motion.

If the Court does not immediately remand the entire case to state court, it should chart the same sensible course of an immediate partial remand in this case for several reasons.

**A. The Court Should Immediately Remand This Case In Its Entirety.**

The Petition does not assert claims that give rise to federal-question jurisdiction. "Federal question jurisdiction exists if the well-pleaded [petition] establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. Partnership v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)).

The three counts in this Petition allege violations of Missouri law, *not* federal law. ECF 1-1, at 28 (Count I - "Violation of §§ 536.014, 536.021, and 536.025"); *id.* at 31 (Count II - "Violation of §§ 536.014 and 407.020"); *id.* at 34 (Count III - "Violation of § 536.014"). In

4

*Schmitt*, the "overwhelming majority" of the Petition "allege[d] violations of Missouri laws or the Missouri Constitution." *Schmitt*, 2021 WL 3286787, at *3. Here, the *entire* Petition turns on state and not federal issues.

Yet defendants in *Schmitt* sought removal based on a "single reference to the [federal] Constitution" in a 41-page multi-count petition. *Id*. at *2-3, 5. In *Schmitt*, one count "primarily allege[d] violations of the Missouri Constitution and Missouri RFRA," but also contained a single assertion that the challenged agency action "violate[d] the Free Exercise Clause of the United States and Missouri constitutions[.]" *Id.* at *3. The Court, however, found that invocation of the First Amendment in a single sentence in a 41-page petition insufficient to trigger federal-question jurisdiction. *Id.* So, too here.

A direct invocation of a specific constitutional provision—the First Amendment—was not enough in *Schmitt*, and the Attorney General in this case cites to *even less* in this Petition. The removal papers cite a single passing reference to the Petition that quotes *a state statute*, which itself requires compliance with the state and federal constitutions, and then proceeds to raise a question of *state constitutional law*. *See* Removal at ¶ 15 (citing Petition ¶168).

This paragraph in the Petition states in its entirety: "*Third*, to bypass the notice-and-comment process, the Attorney General had to '[f]ollow[] procedures which comply with the protections extended by the Missouri and United States Constitutions,' § 536.025.1(3), but the emergency procedures used here frustrate Plaintiffs' rights and traditional separation-of-powers principles." *See id.* (alterations in Petition). The reference to the "United States Constitution" is a direct quotation from Missouri's administrative procedures act (which sensibly requires that state agencies not violate the federal constitution). The *conclusion* of that paragraph is that the Attorney General's emergency rulemaking here violates *state separation of powers* principles by usurping

5

the proper role of the *state* legislature. The Petition contains no citation to any single constitutional provision, but only a single passing reference in a state administrative law statute to the federal constitution. This is less than the "thin reed" that was the basis for removal in *Schmitt*.

The only other reference to federal law that the Attorney General can muster comes from the TRO papers, *not* the Petition—and therefore cannot serve as a basis for removal. *See* Removal at ¶ 15 (referring to "Plaintiffs own statements in their TRO and TRO memorandum"). These errant statements do not tie into anything actually contained in the complaint and the TRO papers cannot raise a claim the Petition does not plead. The "well-pleaded complaint" rule precludes reliance on these erroneous statements as a basis for removal.

Additionally, it is clear from the relief sought in the Petition that Plaintiffs do not seek to remedy any violations of the federal Constitution, which raises yet another parallel to *Schmitt*. *See Schmitt*, 2021 WL 3286787, at *2 ("Seemingly relevant to this Court's subject-matter jurisdiction, however, the prayer for relief does not seek relief under the federal constitution or any other federal law."). There, like here, "a lone passing reference to the federal Constitution does not form any basis on which the [Attorney] General … seeks relief." *Id.* Federal-question jurisdiction is absent.

    **B.**    **Alternatively, If The Court Does Not Immediately Remand The Entire Case, It Should At   Least Remand Counts II and III So The TRO Hearing Can Proceed In State Court As Planned Today.**

Immediate remand is appropriate. But if the Court needs more time to consider this issue, it should adopt a sensible compromise (as did the Court in *Schmitt*) and, in light of the need for resolution of the TRO request **today**, remand the parts of the Petition that are inarguably based in state law. In other words, even if Count I of the Petition "raises a fundamental jurisdictional question of whether plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," *id.* at *3 (quotation marks omitted), the Court need not decide that issue

6

now. Plaintiffs, like the Attorney General in *Schmitt*, "seek[] immediate emergency relief." *Id.* Thus, rather than decide this fundamental question, the Court may assume for the time being, without deciding, that it has jurisdiction over Count I. The Court nevertheless must "determine whether it would exercise supplemental over the multitude of state-law claims in the case." *Id.* Here, there is no argument (even by the Attorney General) that Counts II and III of the Petition raise any federal question. "If this Court were to decline to exercise supplemental jurisdiction, then the state court may proceed to determine the state-law claims, including the TRO Motion, without delay." *Id.* If it has any doubts about the propriety of federal question jurisdiction under Count I, the Court should at least decline supplemental jurisdiction over Counts II and III and leave them to the state court.

When supplemental jurisdiction exists under § 1367(a), the district court may decline to exercise supplemental jurisdiction in certain circumstances, namely if:

> (1) the claim raises a *novel or complex issue* of State law,
> (2) the claim *substantially predominates* over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added).

Section 1367(c) grants the district court discretion to reject jurisdiction over supplemental claims, "but only to a point." *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) ("The statute plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein."). Where the case clearly fits within any one of the four subsections listed within § 1367(c), the court may decline to exercise supplemental jurisdiction "at any time in the litigation." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141

7

F.3d 1284, 1287 (8th Cir. 1998). The Court here, like the Court in *Schmitt*, should find that the state-law claims in Counts II and III raise novel issues of state law and substantially predominate over what may (or may not) be a combined state-and-federal claim.

The Petition raises novel state-law issues better suited for state court. There is no dispute that Counts II and III of the Petition raise novel state-law issues, including whether the Attorney General has the authority under the Missouri Merchandising Practices Act to promulgate rules regulating health care.[1] Missouri courts, not federal courts, should be the first to address that significant question about the scope of the state attorney general's powers. The remaining claims raise novel applications of state law to a unique situation.

Federal courts, as a matter of comity, should not venture to interpret state laws in the absence of guidance from state appellate courts. *See Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1038 (8th Cir. 1999) ("[N]ovel, complex, and important issues of state law on which the [state] appellate courts have given us little or no prior guidance ... are precisely the types of issues as to which federal courts should hesitate to exercise § 1367 supplemental jurisdiction."); *Women Prisoners of District of Columbia Dept. of Corrections v. District of Columbia*, 93 F.3d 910, 921-23 (D.C. Cir. 1996) (district court abused its discretion by retaining supplemental jurisdiction over a novel issue of state law) ("[P]rinciples of comity and the desirability of a surer-footed reading of applicable law support the determination of state claims in state court. Determination by the state court is especially important where the case involves novel and unsettled issues of state law." (quoting *Grano v. Barry*, 733 F.2d 164, 169, (D.C. Cir. 1984)). Because Counts II and III rest upon a novel interpretation of Missouri law, and raise novel applications of state law, the Missouri state

---

[1] Count I certainly raises an issue of first impression under Missouri law, as it seeks an interpretation of a Missouri statute that has never before been interpreted in the breathtaking manner the Attorney General interprets it.

8

courts should address these issues.  *See Ethex Corp. v. First Horizon Pharmaceutical Corp.*, 228 F.Supp.2d 1048, 1059 (E.D. Mo. 2002).  "For this reason alone, the Court [should] decline[] to exercise supplemental jurisdiction" over Counts II and III.  *Schmitt*, 2021 WL 3286787, at *4.

Finally, even if the Court believed there was a taste of federal law in the Petition, there is no doubt that the state-law claims substantially predominate over any federal claim.  This Court in *Schmitt* found the state-law claims there "substantially predominate[d]" over the sole potential federal claim.  *Id.*

"Where 'the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.'" *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3rd Cir. 2003), *as amended* (Nov. 14, 2003) (quoting *Gibbs*, 383 U.S. at 726); *see also TMTB I, LLC v. City of Manchester*, 2007 WL 3146562, at *2 (E.D. Mo. Oct. 25, 2007) (citing *Gibbs*, 383 U.S. at 726–27).  "[A] district court will find substantial predominance where a state claim constitutes the real body of a case, to which the federal claim is only an appendage—only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog[.]' " *De Asencio*, 342 F.3d at 309.

"This case is a Clifford-sized 'state dog,' with a whisp of a 'federal tail' at best." *Schmitt*, 2021 WL 3286787, at *5.  Indeed, "[a]side from a passing reference to the federal [Constitution] in a single paragraph, every count in the" multi-count Petition "asserts only claims based on Missouri law, the descriptive titles of each count ... mention only state law, ... and the prayer for relief seeks relief only under state law." *Id.*  "If a federal claim is buried in Count [I], it does not form the body of the case as a whole; any federal claim is, at most, an appendage." *Id.*

9

To place a finer point on the analysis, Count I deals primarily with Missouri state law, evidenced by the descriptive title's reference only to state law, and the remainder of the Count's alleging that the emergency rule is invalid or unlawful under "§§ 536.014, 536.021, and 536.025." Put simply, "the state-law issues predominate with regard to the scope of proof, issues raised, and the comprehensiveness of relief in this case." *Id.*

Accordingly, for the additional reason that state-law issues substantially predominate over any federal claim in Count I, the Court, like the Court in *Schmitt*, should decline to exercise supplemental jurisdiction over the remaining state-law claims.

## CONCLUSION

The Court should remand the case to state court. Alternatively, if the Court has questions whether it has federal-question jurisdiction over some portion of Count I in the Petition, the Court should decline to exercise supplemental jurisdiction over Counts II and III and remand those Counts so that the state court can hear Plaintiffs TRO Motion without delay. *See Schmitt*, 2021 WL 3286787, at *5 ("[T]he Court remands this case to the state court, but for the present time retains jurisdiction over whatever portion of the claim in Count 8 that may arise under the Free Exercise Clause of the U.S. Constitution.") (collecting cases).

Plaintiffs request an emergency hearing on this motion to be set for as early as practical today.

Dated: April 26, 2023

Respectfully submitted,

By:   /s/ *J. Bennett Clark*

| | |
|---|---|
| GILLIAN R. WILCOX, #MO61278<br>JASON ORR, #MO56607<br>**ACLU of Missouri Foundation**<br>406 West 34th Street, Ste. 420<br>Kansas City, MO 64111<br>gwilcox@aclu-mo.org<br>jorr@aclu-mo.org<br><br>ANTHONY E. ROTHERT, #MO44827<br>JONATHAN SCHMID, #MO74360<br>**ACLU of Missouri Foundation**<br>906 Olive Street, Suite 1130<br>St. Louis, Missouri 63101<br>Phone: (314) 652-3114<br>arothert@aclu-mo.org<br>jschmid@aclu-mo.org<br><br>NORA HUPPERT*<br>KARA INGELHART*<br>**Lambda Legal Defense<br>and Education Fund, Inc.**<br>65 E. Wacker Pl., Suite 2000<br>Chicago, IL 60601<br>(312) 663-4413<br>nhuppert@lambdalegal.org<br>kingelhart@lambdalegal.org<br><br>OMAR GONZALEZ-PAGAN*<br>**Lambda Legal Defense<br>and Education Fund, Inc.**<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>(212) 809-8585<br>ogonzalez-pagan@lambdalegal.org | J. BENNETT CLARK, #MO30907<br>MICHAEL E. ROWAN, #MO72992<br>MARY GRACE E. WARREN, #MO73147<br>**Bryan Cave Leighton Paisner LLP**<br>One Metropolitan Square<br>211 North Broadway, Suite 3600<br>St. Louis, MO 63102<br>(314) 259-2000<br>ben.clark@bclplaw.com<br>michael.rowan@bclplaw.com<br>marygrace.warren@bclplaw.com<br><br>JAMES D. LAWRENCE, #MO53411<br>TYLER JERRAD BLAKE BRIGGS,<br>#MO73151<br>**Bryan Cave Leighton Paisner LLP**<br>One Kansas City Place<br>1200 Main Street, Suite 3800<br>Kansas City, Missouri 64105<br>(816) 374-3200<br>jdlawrence@bclplaw.com<br>tj.briggs@bclplaw.com<br><br>* Application for admission *pro hac vice* forthcoming.<br><br><br>*Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April, 2023, a copy of the foregoing was filed electronically with the Court to be served on counsel of record.

/s/ *J. Bennett Clark*